ALFRED LEE, RESPONDENT, v. SIMON DECKER, APPEL-
LANT.

*Construction of a Contract.*

[This is a mere question of construction of a written contract involving no legal principle.]

THIS was an action brought by Lee as assignee of one Shannon, to recover the sum of $800 upon the following contract:

"*April* 1, 1859.

"Settled all act. up to this date, and found due S. Decker, six hundred dollars on the purchase of a house and lot, this day deeded to Hiram Decker for $1,400, leaving due to H. Shannon eight hundred dollars from S. Decker; the said Decker to sell and have the full proceeds of said house and lot, and any demands that said Decker shall purchase against Shannon to be deducted from the eight hundred dollars due Shannon from Decker. This arrangement is left so that it may be arranged as to payments after the consummation of a contract to be made with F. Bronson.

"H. SHANNON,
"SIMON DECKER."

After hearing the evidence of both the parties to the contract, the Court directed the jury to find a verdict in favor of the Plaintiff. The General Term of the Sixth District affirmed the judgment entered upon the verdict, and the Defendant now appeals to this Court.

*A. J. Parker* for Appellant.
*F. Kernan* for Respondent.

HUNT, J.—The contract of April 1, 1859, when reduced to writing, and signed by the parties, merged all previous contracts, understandings, or expectations upon the subject. By that contract it was expressly agreed that Decker owed Shannon eight

hundred dollars. The price of the house and lot was fixed at $1,400 ; and $600 found due to Decker was deducted from the amount of the purchase-money, leaving the amount due to Shannon as above stated. There is no obscurity in the portion of the contract in which these stipulations are contained.

Shannon testified that Decker had bought the house of him, and had sold or expected to sell it to one Bronson ; and the dates of the payments to be made to him (Shannon) were to be arranged after the contract with Bronson should be completed. Decker, on the other hand, testified that he had not purchased the house of Shannon, but that Bronson had purchased direct from Shannon, and that nothing was to be paid to Shannon until $600 had first been paid to him by Bronson. The testimony of Shannon is in accordance with the writing, and furnished a reasonable explanation of the meaning of the last clause thereof. That of Decker is in contradiction of the plain terms of the writing, and, therefore, of no effect.

The Defendant claims that, in any event, he cannot be compelled to pay until it appears, by proof, that a contract had been made with Bronson, and payments had matured under the same. This is answered by the uncontradicted evidence of Shannon, that he repeatedly called on the Defendant, requesting him to pay the amount due, or to give his notes at long periods, or to make some arrangement, and that the Defendant absolutely refused to pay, to make any arrangement, or to do anything whatever about it, at present, or in the future. He refused to recognize the agreement, or to have anything to do with it. This repudiation justifies an immediate action for the recovery of the money admitted by the contract to be due at some time (Hanna *v.* Mills, 21 Wend. 90, 92, and cases there cited).

The judgment should be affirmed.

All concur. Affirmed.

JOEL TIFFANY,<br>State Reporter.